UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE AFFORDABLE HOUSING FUND 4, LLC and SCDC, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>URBAN 8 DANVILLE CORPORATION, and URBAN 8 MACOMB CORPORATION,<br><br>Defendants. | No. 19 C 07259<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendants' Urban 8 Danville Corporation and Urban 8 Macomb Corporation (collectively, "Urban 8")'s motion to dismiss based on the anticipatory filing doctrine. (Dkt. 24). For the reasons below, the Court grants Urban 8's motion [24] and dismisses the case without prejudice.

**BACKGROUND**

This case stems from a business dispute between Plaintiffs and Defendants, "the details of which are complicated and mostly extraneous to this opinion." *Nationwide Affordable Housing Fund 4, LLC v. Urban 8 Danville Corporation*, No. 2:19 C 1848, 2019 WL 5629930, at *1 *(S.D. Ohio Oct. 30, 2019). The facts relevant to this motion are as follows.

The Urban Danville Limited Partnership and the Urban Macomb Limited Partnership were formed for the purpose of owning and operating affordable housing

developments for elderly low-income residents pursuant to the low-income housing tax credit ("LIHTC") program. 26 U.S.C. § 42. Defendant Urban 8 Danville Corporation is the General Partner for the Urban Danville Limited Partnership, and Defendant Urban 8 Macomb Corporation is the General Partner for the Urban Macomb Limited Partnership. Plaintiffs Nationwide Affordable Housing Fund 4, LLC ("Nationwide") and SCDC, LLC ("SCDC") are Limited Partners in both Partnerships. Wentwood Capital Advisors, LP ("Wentwood") is the asset manager for the Limited Partners.

The Urban Danville Limited Partnership Agreement and the Urban Macomb Limited Partnership Agreement (the "Agreements") each contain a provision (the "Option Provision") entitling the General Partners to purchase the Limited Partners' property interests upon exercise of the option during a designated period. The General Partners believe that they timely exercised their option to purchase the Limited Partners' interests. (Dkt. 1, Ex. 3). Plaintiff Limited Partners disagreed and demanded the General Partners market the property for sale. (Dkt. 1, Ex. 6). A stream of emails, appraisal disputes, demands to sell the properties, and settlement offers ensued.

Relevant to this motion, after several months of correspondence, the General Partners spoke with Luke Harms on April 30, 2019. (Dkt. 25, Davenport Decl., Ex. 4 ¶ 3). The General Partners believe Luke Harms was a representative of Nationwide, although Plaintiffs vigorously contest this assertion. (*compare* Dkt. 25, 9 *with* Dkt. 49, 15-16). According to the General Partners, Luke Harms stated that he wished the

parties could have discussed settlement before filing any lawsuits.[1] Based on this discussion with Mr. Harms, the General Partners claim that they sent a letter to counsel for Wentwood on May 3, 2019, enclosing a draft complaint. (*Id*. at Ex. 5). The letter stated that the General Partners would still consider settlement as opposed to additional litigation, but the General Partners intended to file the draft complaint in the Northern District of Illinois unless a settlement offer was received by May 10, 2019. (*Id*.). The General Partners assert that had it not been for their discussion with Mr. Harms, they would have filed their lawsuit earlier in May. (Dkt. 25, 9).

The General Partners did not receive a settlement offer or any settlement discussions from Plaintiffs. Instead, Nationwide and SCDC filed this action in the Southern District of Ohio on May 8, 2019. (Dkt. 1). In response, the General Partners filed their draft complaint in the Northern District of Illinois on May 10, 2019.[2] (Dkt. 25, 10). The General Partners allege that the Plaintiffs used the General Partners' draft complaint to create this mirror-image lawsuit, and that the instant lawsuit is a bad faith, anticipatory filing.

Nationwide and SCDC dispute Defendants' factual assertions, claiming that they had independently concluded that legal action was necessary. Indeed, they filed a declaration from their counsel along with counsel's billing and travel records to demonstrate that counsel began drafting a complaint before Wentwood received the

---

[1] At that point in time, one lawsuit was already pending in the Northern District of Illinois, captioned *Urban 8 Fox Lake Corporation & Urban 8 Zion Corporation v. Nationwide Affordable Housing Fund 4, LLC, SCDC, LLC, and Wentwood Capital Advisors, LP*, Case No. 18 C 6109.
[2] The General Partners' lawsuit is captioned: *Urban 8 Danville Corporation & Urban 8 Macomb Corporation v. Nationwide Affordable Housing Fund 4, LLC, SCDC, LLC, and Wentwood Capital Advisors, LP*, Case No. 19 C 3171.

3

General Partners' May 3 communication. (Dkt. 13, Ex. 4). The declaration and billing records assert that SCDC instructed counsel to draft a complaint on April 30, 2019, and that counsel began doing so on May 1, 2019. (*Id.*).

The General Partners moved to dismiss this action in the Southern District of Ohio, but their motion was denied as moot when the Ohio court *sua sponte* transferred the action to the Northern District of Illinois. (Dkt. 10; Dkt. 17). The case was assigned to Judge Tharp, and captioned *Nationwide Affordable Housing Fund 4, LLC & SCDC, LLC v. Urban 8 Danville Corporation & Urban 8 Macomb Corporation*, Case No. 19 C 7259. After determining that the instant 7259-action is related to two other cases in the Northern District of Illinois, the instant action was reassigned to this Court. (Dkt. 64). Thus, Case No. 18 C 6109, Case No. 19 C 3171, and the instant action Case No. 19 C 7259 are all related and all pending before this Court.

Defendants renewed their motion to dismiss based on the anticipatory filing doctrine. (Dkt. 24).

## DISCUSSION

"The parties do not agree about much, but they do agree that there are two, duplicative, cases pending before this Court." (Dkt. 49, 4). Those two duplicative, mirror-image cases are the instant 7259 case and the 3171 case.[3] Because the parties agree that each action is duplicative and a mirror-image of the other, the Court

---

[3] In the 3171 case filed by the General Partners, the defendants moved to dismiss that case based on the "first-filed rule." (Case No. 19 C 3171, Dkt. 34). The Court denies that motion based on its decision to dismiss this case.

4

declines to address the mirror-image segment of the analysis, and only addresses the anticipatory nature of the 7259-action.

When two similar actions are filed, district courts generally dismiss, stay, or transfer the second-filed suit. *Coherent Economics, LLC v. Verition Partners Masters Fund, Ltd.*, No. 18 C 8376, 2020 WL 757898, at *3 (N.D. Ill. Feb. 14, 2020); *Serta, Inc. v. Oleg Cassini, Inc.*, No. 11 C 8004, 2012 WL 2503959, at *2 (N.D. Ill. June 28, 2012); *Schwarz v. Nat'l Van Lines, Inc.*, 317 F.Supp.2d 829, 832 (N.D. Ill. 2004) ("When two similar actions are filed, the general rule favors the forum of the first-filed suit. […] District courts normally stay or transfer a federal suit 'for reasons of wise judicial administration…whenever it is duplicative of a parallel action already pending in another federal court'") (internal citations omitted). The Seventh Circuit, however, "does not rigidly adhere to a first-file rule." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010) ("This court has 'never laid down an inflexible rule that the prior filing controls.'") (internal citation omitted); *Tempco Electric Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987) (although a first-to-file rule would have the "virtue of certainty and ease of application,…the cost—a rule which would encourage an unseemly race to the courthouse…—is simply too high"). Rather, the second-filed action may proceed "where favored by the interests of justice" and when the first filed action constitutes an "improper anticipatory filing" made under threat of an imminent suit. *Schwarz*, 317 F.Supp.2d at 833; *Trippe Mfg. Co. v. Am. Power Conversion Copr.*, 46 F.3d 624, 629 (7th Cir. 1995) (district court did not abuse discretion in dismissing first-filed

5

declaratory judgment claim where the defendant filed a parallel trademark infringement action). A district court has "an ample degree of discretion" when dealing with an improper anticipatory filing. *Trippe*, 46 F.3d at 629.

The General Partners argue that the instant action constitutes an improper anticipatory filing made under "threat of an imminent suit asserting the mirror image of that suit in another district." *Barrington Grp., Ltd. v. Genesys Software Sys., Inc.*, 239 F.Supp.2d 870, 873 (E.D. Wis. 2003). As noted above, Urban 8 sent a demand letter to Wentwood that included a draft complaint Urban 8 intended to file in this district and the date Urban 8 planned to filed its complaint. The letter thus made clear that Urban 8 believed it had specific valid legal claims against Nationwide, SCDC, and Wentwood, and that Urban 8 would file its lawsuit in the Northern District of Illinois if Plaintiffs did not respond within seven days (by May 10, 2019). *Cf Serta*, 2012 WL 2503959, at *2-3 (maintaining the first filed suit because the defendant only provided general, vague threats of litigation without a clear articulation of claims, a deadline, or forum). Instead of responding, Plaintiffs filed suit in the Southern District of Ohio. Given these facts, the record indicates that Plaintiffs clearly acted under threat of imminent suit from Urban 8.[4]

Plaintiffs' main argument in defense is that they had independently decided to pursue legal action and were not responding to Urban 8's threat. Plaintiffs provide a

---

[4] Urban 8 provides several motivations for Plaintiffs' behavior, including an attempt to avoid personal jurisdiction over Wentwood and a desire to avoid Judge Durkin's adverse summary judgment ruling in 18 C 6109. (Dkt. 25, 12-14). Plaintiffs respond with their own assertions that undermine Urban 8's arguments, including that Judge Durkin had not yet informed the parties of his intent to rule on summary judgment in the 6109 case. (Dkt. 49, 17). The Court declines to address this morass of underlying motivations.

6

declaration from their attorney, as well as the attorney's billing receipts, to demonstrate their intent to draft a complaint before receiving the General Partners' letter. (Dkt. 49, 13-15; Dkt. 13, Ex. 4). The fact that Plaintiffs instructed their attorney to draft a complaint a mere three days before receiving Urban 8's letter is of little consequence. Plaintiffs still pursued an "unseemly race to the courthouse" under an imminent threat of litigation. *Tempco*, 819 F.2d at 750. Instead of engaging with Urban 8's demand, Plaintiffs ensured that their suit was filed first—a suit that is the mirror-image of the complaint Urban 8 intended to file. "This type of behavior only exacerbates the risk of wasteful litigation," and must be disincentivized. *Research Automation*, 626 F.3d at 980.

In short, because Plaintiffs filed this mirror-image suit in the face of a clear threat that Urban 8 would sue, the Court finds that this case constitutes an improper anticipatory filing and must be dismissed.[5] *See Chanel Clarity, Inc. v. Optima Tax Relief, LLC*, No. 14 C 8945, 2015 WL 721023, at *4 (N.D. Ill. Feb. 18, 2015) (dismissal warranted where the plaintiff filed suit in the face of a cease and desist letter conveying the defendant's intent to file suit). Urban 8's motion to dismiss is granted.

## CONCLUSION

For the reasons stated herein, Urban 8's motion to dismiss [24] is granted.

---

[5] Additionally, the 19 C 3171 action has the same posture as the other related case before the Court, 18 C 6109. The Court has already invested great effort and time in understanding the complicated transactions at issue in the 6109 case as well as the related 3171 case. Maintaining the same posture provides for ease of judicial administration and clarity regarding the positions of the parties.

7

E N T E R:

Dated: June 1, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge